IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJIMAN HAFIZ,<br><br>    Plaintiff,<br><br>  v.<br><br>GREENPOINT MORTAGE FUNDING, INC., a business entity, form unknown, AURORA LOAN SERVICES, LLC, a business entity, form unknown, QUALITY LOAN SERVICE CORP., business entity, form unknown, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a business entity, form unknown, MARIN CONVEYANCING CORP., a business entity, form unknown, entities unknown, claiming any legal or equitable right, title, estate, lien or interest in property described in this complaint adverse to plaintiff's title thereto, and DOES 1 through 30, inclusive,<br><br>    Defendants. | No. C 09-01729 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT** |

**INTRODUCTION**

    This is a motion to remand an action to state court for failure to join all co-defendants in removal. Plaintiff Hafiz filed a complaint in the California Superior Court for Contra Costa County against five defendants: (1) Greenpoint Mortgage Funding, Inc.; (2) Aurora Loan Services, LLC; (3) Quality Loan Service Corp.; (4) Mortgage Electronic Registration Systems, Inc.; and (5) Marin Conveyancing Corp. The action was removed to this Court on April 21, 2009, by defendant Aurora. Plaintiff now seeks to remand this action on the ground

that Aurora's removal was procedurally defective. For the following reasons, the motion to remand is **DENIED**.

**STATEMENT**

Plaintiff filed her complaint in Superior Court on April 7, 2009. Proof of service was entered on the Superior Court's docket on April 14 as to Greenpoint, April 16 as to Aurora and Marin, April 17 as to Quality, and May 5 as to MERS. Plaintiff states that Quality and MERS were actually served on April 15 but that the proof of service was not recorded until later due to lag time in the docketing system. On April 20, Quality filed a declaration of non-monetary status in state court. Aurora filed its notice of removal on April 21. Greenpoint and Marin filed a joint motion to dismiss the action on May 11, and Greenpoint filed a joinder to Aurora's removal on May 12. MERS moved to dismiss and strike parts of plaintiff's complaint on May 15, filed a joinder on May 20, and currently is no longer a party to this action. Plaintiff filed this motion to remand on May 20, 2009.

**ANALYSIS**

The party seeking removal of an action to federal court bears the burden of establishing grounds for federal jurisdiction, and the removal statute is strictly construed against removal jurisdiction. If the district court discovers that all defendants have not joined or consented to removal, it must remand the case. *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998). Doubts as to removability are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109.

Judicial rules supplement the procedural framework for removal supplied by 28 U.S.C. 1446. In the Ninth Circuit, removal is procedurally defective if there is a lack of "unanimity" between co-defendants. A narrow exception to the unanimity rule is recognized where removal consent is not obtained from "nominal, unknown or fraudulently joined parties." *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). Barring these exceptions, all defendants must either join or provide within thirty days consent to the removal notice. 28 U.S.C. 1447(c). The removing party has the burden of affirmatively explaining the

1  absence of any co-defendants in the event that fewer than all co-defendants have joined in a
2  removal action.

3      A controversy among the parties has arisen as to the precise date at which service was
4  filed, entered on the docket, and updated in "real time." In addition, the parties dispute whether
5  Aurora was on notice as to the service of co-defendants at the time that it filed its notice of
6  removal. This order need not approach the question as to whether Aurora was on actual or
7  constructive notice because Aurora has sufficiently explained the non-joinder of the four
8  co-defendants when the action was first removed.

9      *First*, Quality was not required to appear in this action as it was named in the complaint
10 solely in its capacity as a trustee and not because of any wrongdoing. When a trustee under a
11 deed of trust files a declaration of non-monetary status, the party is transformed into a "nominal"
12 party, thus excusing it from participating in the action. Cal. Civ. Code § 2924l. As Hafiz raised
13 no timely objection to its non-monetary status, Quality was not required to join or consent to
14 removal. Cal. Civ. Code § 2924l(c)–(d).

15     *Second*, MERS filed a joinder to Aurora's removal on May 20, 2009. The timeliness of
16 this filing would depend on which party's time line was adopted. In any event, the point is moot
17 as MERS is no longer a party to this action.

18     *Third*, Greenpoint's joinder was made within the thirty-day statutory period and was thus
19 timely.

20     *Fourth*, Marin implicitly has consented to joinder. Marin jointly filed a motion to
21 dismiss plaintiff's complaint with Greenpoint within the thirty-day statutory period. Marin
22 shares legal counsel with Greenpoint, which filed a consent to joinder on May 12, 2009.
23 Although Marin neglected to join the removal petition formally and in writing, Marin
24 unequivocally manifested its consent to federal jurisdiction by filing a motion to dismiss and
25 scheduling a hearing on that motion in federal court.

3

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand this action is **DENIED**.

**IT IS SO ORDERED.**

Dated:  July 15, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE